ESTES v. ALEXANDER, *Plaintiff in Error.*

**1.** **Judicial Sale, Purchaser at.** A sale by a public administrator, in executing an order of the probate court, is a judicial sale, and the general rule is, that a purchaser, at such sales, buys at his peril.

**2.** ———— : FALSE REPRESENTATIONS. Where a purchaser, at a sale by a public administrator, made in execution of an order of the probate court, is ejected from the purchased premises, and sues the administrator for damages, alleging that he was induced to purchase by the false and fraudulent representations of the administrator, to the effect that a deed of the land from the intestate to the plaintiff in the ejectment suit was never delivered and was of no account, he cannot recover, where he testifies on the trial that he bought because he took it for granted that the order of the probate court for the sale of the land was binding, and relied upon the fact that defendant was the public administrator, doing business for the whole county, and that before the sale he was fully apprised of an outstanding title to the land, and informed by the holder of such title that if he bought the land he would buy a law suit.

*Error to Cape Girardeau Circuit Court.*— HON. J. D. FOSTER, Judge.

REVERSED.

*R. B. Oliver* for plaintiff in error.

(1) No testimony ought to have been heard upon the petition, as it does not state facts sufficient to con-

stitute a cause of action. (*a*) It does not state that defendant practiced upon plaintiff any deceit, artifice, or trick, for the purpose of, or calculated to, throw him off his guard ; or that defendant and plaintiff bore to each other any confidential relationship, or that special confidence was reposed in the representations of defendant, nor why plaintiff relied upon the statements of defendant, when his means of information were equal to defendant's ; nor any excuse for plaintiff's neglect to inform himself of every statement, charged to have been made by the defendant. The *scienter*, the gist of the action, is not alleged. It is not sufficient that the representation be false, but it is essential that plaintiff was deceived by the representation, and that defendant so intended. It does not charge that the true condition of the deed was unknown to plaintiff. *Dunn v. White*, 63 Mo. 181 ; *Longden v. Green*, 49 Mo. 363 ; *Morse v. Rathborn*, 49 Mo. 91 ; *Rutherford v. Williams*, 44 Mo. 18 ; *Parker v. Marquis*, 64 Mo. 38 ; *Peers v. Davis*, 29 Mo. 184 ; *Jolliffe v. Collins*, 21 Mo. 242 ; *Glasscock v. Minor*, 11 Mo. 655 ; Benjamin on Sales [3 Am. Ed.] sec. 429 ; Cooley on Torts, 476, 487 and 502 ; 1 Story's Eq. Jur. [8 Ed.] secs. 191 and 199 ; *Whiting v. Hill*, 23 Mich. 399. (*b*) The petition does show that the sale was a public one, and made by order of the probate court ; it was, therefore, a judicial sale. " When a person buys at a sale like this, the risk is all his own. If the title is bad, the loss is all his own. If there is a speculation, the gain is all his own." *Bartlett v. Glasscock*, 4 Mo. 70 ; *Stroan v. Deman*, 41 Mo. 289 ; *Owts v. Smith*, 14 Mo. 153 ; *Cashion v. Farris*, 47 Mo. 133 ; *Swartz v. Dryden*, 25 Mo. 572 ; *Tutt v. Hobbs*, 17 Mo. 486 ; *Corwin v. Benham*, 2 Ohio (N. S.) 36 ; *Washington v. McRoberts*, 9 Ala. 297 ; *Bingham v. Maxey*, 15 Ill. 295 ; Freeman on Void Judicial Sales, secs. 1 and 46. (2) The court erred in refusing to sustain defendant's demurrer to plaintiff's evidence. There was no testimony sustain-

ing the allegations of the petition. *Morgan v. Durfee*,
69 Mo. 469; *Horton v. Railroad*, 65 Mo. 22; s. c.,
64 Mo. 480; *Fletcher v. Railroad*, 64 Mo. 484; *Maher
v. Railroad*, 64 Mo. 267; *Alexander v. Harrison*, 38 Mo.
258; *Jaccard v. Anderson*, 37 Mo. 91; *Smith v. Rail-
road*, 36 Mo. 202; *Lee v. David*, 11 Mo. 114; *Harris v.
Moody*, 9 Mo. 112; Proffatt on Jury Trials, secs. 351,
352, 354, and cas. cit.

*W. Cramer* for defendant in error.

NORTON, J.— Since the pendency of this suit, in
this court, the plaintiff has died, and the same has been
revived in the name of Thomas Allen, administrator of
his estate. It is substantially set up in the petition,
that defendant, as public administrator of Cape Girar-
deau county, in charge of the estate of J. Wiley Call,
deceased, by virtue of an order of sale, made by the pro-
bate court, did, on the eleventh of September, 1887, offer,
and expose to public sale, certain real estate, as the prop-
erty of said Call, deceased; that at said sale plaintiff
became the purchaser of said real estate; that before
the said sale, and with a view of inducing this plaintiff
to become the purchaser of said real estate, so sold by
him, the said administrator made certain false and
fraudulent representations to plaintiff, in regard to the
delivery of said deed from the said J. Wiley Call,
deceased, to his daughter, Sarah J., to the effect that
said deed had never been delivered to said Sarah, nor
to any one for her, that it was of no account, and was no
more than a piece of blank paper, etc., etc., all of which
statements and representations the said administrator
then and there well knew to be false and fraudulent;
that relying on said representations, plaintiff became
the purchaser, entered into possession of the property,
and was subsequently ejected by an action brought by
Sarah J. Crump, a daughter of said Call, deceased, who

claimed the land under a deed conveying the same to her, executed by said Call, in his life time, and found among his papers after his death.    It is also averred that plaintiff has sustained one thousand dollars damages.

Defendant denies that he made the false and fraudulent representations imputed to him in the petition, and avers that he gave plaintiff a fair and true statement of all he knew about said deed, and that Estes bought the property with full knowledge of said Sarah J. Crump's claim to said land, and that in buying it, he knew he was buying a law suit.    On the trial plaintiff recovered judgment for one hundred dollars, and the case is before us on writ of error, sued out by defendant; and it is claimed, among the numerous errors assigned, that the court erred in refusing to sustain a demurrer to the evidence.

This point, we think, is well taken, as a reference to the evidence of plaintiff will show that he wholly failed to make out the case stated in his petition.    He was a witness on his own behalf, and testified, among other things, that he had a talk with Alexander about the deed from Call to Mrs. Crump, both before and after the advertisement for sale, and stated as follows : "I heard there was trouble about it; this was the first time I talked to Alexander on the subject.    Alexander spoke of the deed.    He said he found it with Mr. Call's papers ; that Sarah J. Crump demanded it; that he refused to give it to her, but took it to town, and had lawyer Green W. Davis's advice on it.    Alexander said, Davis said it was of no account, no more than a blank piece of paper. On these grounds I bought."    "I heard, a long time before the sale, there was a controversy about the deed to this land."    He was asked what induced him to buy the land, to which he replied : "I was induced to buy this land, because I took it for granted that an order from the probate court to sell the land was binding." He was then asked if there was any other inducement,

to which he replied: "I do not know there was anything else that induced me to buy." "As soon as the sheriff had read the order and advertisement, Judge Albert Jackson made a public announcement that whoever bought that land, bought a law suit, and Alexander said to the sheriff, go ahead."

He was then asked, on what, if anything, did you rely when you bought the land, and he replied: "I relied upon the fact that Alexander was public administrator, doing business for the whole county, and believed his statements to be true; that he had no personal acquaintance with Alexander before, and believed his statements, because he was doing business for the whole county." On his cross-examination, he testified, that "I have told the jury all that occurred between Mr. Alexander and myself, about this land, that Mrs. Crump asked him if he was going to buy the land, and I told her I would if it did not go too high; she said, if you buy it, you buy a law suit, for I am fighting for that land, and it is mine." "I heard, nearly a year before the sale, about this deed, and the fuss about it. I never went to consult any lawyer about the danger of buying the land." "Mrs. Call told me they had made the deed to Sarah J. Crump. Sarah J. told me she had never had possession of the deed. Alexander told me he had taken the advice of G. W. Davis, and that Mr. Davis said the deed was of no account, not more than a blank paper; that G. W. Davis was a lawyer, and the oldest one here at that time. I had known him a long time. Samuel Crump, the husband of Sarah J., had told me of the deed long before the sale of the land by Alexander; told me the deed had been made to Sarah J. by her father, and that he would fight the man that bought the land, that it was her's, and he intended to contend for it to the last."

The evidence of plaintiff, above detailed, does not tend to establish the averments of the petition. He

avers in his petition that the false representations made to him by Alexander were, that the deed had never been delivered to Mrs. Crump, nor any one for her, that it was of no account, and was no more than a blank piece of paper, and he was thereby induced to buy. To support these allegations, he testified that Alexander said he found the deed with Mr. Call's papers ; that Sarah J. Crump demanded it ; that he refused to give it to her, but took it to town, and had lawyer Davis's advice on it. Alexander said, Davis said it was of no account ; no more than a blank piece of paper. On these grounds he bought. He does not testify that he was induced to buy on the representations alleged in his petition to have been made, but on the contrary says he was induced to buy the land, because he took it for granted that an order of the probate court for the sale was binding ; that he did not know there was anything else that induced him to buy ; that he had told the jury all that occurred between Alexander and himself about the land.

This was a judicial sale, and defendant, as administrator, was simply executing the order of the court, and the general rule is, that at such sales a purchaser buys at his peril. Besides this, the sale was subsequently annulled and plaintiff was not required to pay the purchase money, and over and above all, Alexander and the plaintiff were strangers to each other, no confidential or trust relation existing between them, and the field of inquiry for the ascertainment of all that related to the deed was as open to plaintiff as to defendant, and before he purchased he was fully apprised of Mrs. Crump's claim to the land, and notified by her, her husband and her lawyer, that the land was her's ; that it had been deeded to her by her father, and that if he bought the land he would buy a law suit.

For the error of the court in not sustaining the demurrer to the evidence the judgment is reversed. All concur.