## THROCKMORTON, *Appellant*, v. PENCE.

### Division Two, March 13, 1894.

1. **Judicial Sale:** PURCHASER: ADMINISTRATOR'S SALE.   Ordinarily one purchasing at a judicial sale does so at his peril, and an adminis-trator's sale is such judicial sale.

2. **Administrator's Sale.**   One suing for land sold at an administra-tor's sale for the payment of the debts of the deceased will not be compelled, as a condition of recovery to refund the purchase money of the sale where he does not claim title under the deceased.

3. **Partition:** PARTIES.   An owner of land can not maintain a partition suit against himself.

4. ———: ADMINISTRATOR.   An administrator is not a proper party to a partition suit.

5. **Married Woman:** STATUTE OF LIMITATIONS: REALTY.   Revised Statutes, 1889, section 6767, which provides that the statute of limita-tions relating to the recovery of land shall not run against a married woman, is applicable though the woman having been abandoned by her husband could have sued as a *femme sole.*

6. **Administrator's Sale:** MARRIED WOMAN: ESTOPPEL.   Where land was unlawfully sold by an administrator, a married woman who was the sole owner and who never received any of the purchase money will not be estopped to claim the land because, thinking the sale was legal, she, without making claim, permitted the purchaser to make improvements and pay the taxes.

7. **Estoppel:** RECORDED DEED.   Where the deed under which one claims title is of record, mere silence on his part as to his title will work no estoppel.

8. ———: PLEADING.   An estoppel *in pais* to be available as a defense must be specially pleaded.

*Appeal from Platte Circuit Court.*—HON. JAMES M. SANDUSKY, Judge.

REVERSED AND REMANDED.

*James W. Boyd* and *Ben. Phillip* for appellant.

(1) A purchaser at an administrator's sale buys at his peril. If he obtains no title, because the deceased had no title, he loses his money. It is only where the deceased had a title to the property purchased, and the purchaser fails to obtain it by reason of some omission or irregularity in the proceedings, and has paid the purchase price, that he is entitled to an accounting. Tiedeman on Sales, p. 452, note 4; *Bartlett v. Glasscock*, 4 Mo. 70; *Cashion v. Faina*, 47 Mo. 133; *Estes v. Alexander*, 90 Mo. 453. (2) The interest in the land recovered by the plaintiff was never sold by the administrator, and consequently plaintiff can not be required to account. (3) The answer does not allege facts authorizing an accounting, nor is any accounting asked for therein, nor does the evidence in the case authorize an accounting. (4) The defendant tried this case on the theory, as shown by the instruction asked by him, that the legal title to the land was in plaintiff, claiming that her failure to pay back the purchase money was a legal defense. The court having decided and the defendant having admitted that the legal title was in the plaintiff, the defendant is committed to that theory, and the only question for this court to determine, is whether there should be an accounting. *Whitemore v. Lodge*, 100 Mo. 36; *Harris v. Hays*, 53 Mo. 90; *McGonigle v. Dougherty*, 71 Mo. 259; *Bank v. Hammerslough*, 72 Mo. 274; *Smith v. Culligan*, 74 Mo. 387; 91 Mo. 628; *Bates v. McGoon*, 85 Mo. 580; *Noble v. Blount*, 77 Mo. 235; *Holmes v. Braidwood*, 82 Mo. 610; *Reilly v. Railroad*, 94 Mo. 600. (5) Aside from the defendant's theory and admission that plaintiff has the legal title to the property, the circuit court was clearly right in holding that plaintiff was the owner of the land: *First*, because the partition proceedings were a

nullity.  There was no community of interests to sever, nor could the suit be brought against the administrator. Gen. Stat. 1865, p. 611, sec. 1;  *Mason v. Willard*, 2 Mass. 478;  Freeman on Cotenancy and Partition, 454; 17 Am. and Eng. Encyclopedia of Law, p. 681 and note 6.  *Second*, because, even if the partition proceedings were valid, plaintiff is still the owner of one-half of said land. The administrator's deed conveyed only the interest which James W. Reese owned in said land at the time of his death, and the administrator under the law could sell only such interest.   Reese, at the time of his death, only owned an undivided half of the property, and this was all that was sold.   The other undivided part that was not sold belongs to plaintiff as his only heir at law. Gen. Stat. Mo. 1865, p. 499, sec. 35.   (6) Nor should the question of adverse possession have been submitted to the jury:   *First,*   because there is no evidence on which to base an instruction on that theory.   *Rodney v. McLaughlin*, 97 Mo. 426.   *Second*, and therefore it would have been error to have submitted such a theory to the jury.  *State v. Tice*, 90 Mo. 112;  *Miller v. Railroad*, 90 Mo. 389.   *Third,* because it is admitted that plaintiff is and was a married woman long before the administrator's sale of the land, and the statute does not run against her.   R. S. 1889, sec. 6767;  *Ashley v. Rockwell*, 2 N. E. Rep. (Ohio) 437;  *Fitzsimmons v. Johnson*, 17 S. W. Rep. (Tenn.) 100;  *Wilson v. Wilson*, 36 Cal. 447; *Clark v. McCann*, 18 Hun (N. Y.), 13;  *Ulsup v. Jordan*, 69 Tex. 300;  *Hurlbert v. Wade*, 40 Ohio St. 603;  *North v. James*, 61 Miss. 761;  *Campbell v. Carter*, 95 N. C. 156;  *Lippard v. Troutman*, 72 N. C. 551;   *Manker v. Faulhaber*, 94 Mo. 430;  R. S. Mo. 1889, sec. 6869.  (7) There is no estoppel in this case for the following reasons:    Plaintiff was a married woman and could not be estopped.   *Crenshaw v. Creek*, 52 Mo. 98;  *Hempstead v. Easton*, 33 Mo. 142;  *Thompson v. Reno*, 12 Mo. 157;

*Glidden v. Struppler*, 52 Pa. St. 400. The decree of partition was not only irregular, but absolutely void. "Where a judgment is absolutely void it has no effect by way of estoppel or for any other purpose." 2 Black on Judgments, sec. 513; *Miller v. Barkeloo*, 8 Ark. 318; *Agnew v. Adams*, 26 S. C. 101; 1 S. E. Rep. 414; *Dunklin v. Wilson*, 64 Ala. 162; *Hancock v. Flynn*, 8 N. Y. Sup. 133; *Gage v. Hall*, 43 Barb. 44. (9) There is no estoppel set up in the answer and it must be pleaded to be effectual. *Bray v. Marshall*, 75 Mo. 327; 7 Am. and Eng. Encyclopedia of Law, note 5, p. 33.

*John Doniphan* and *Jas. W. Coburn* for respondent.

(1) The administrator was a proper party to the partition suit. Gen. Stat. 1865, p. 611, sec. 4; *Ibid.* p. 493, sec. 49; *Lewis v. Carson*, 93 Mo. 561. (2) The administrator of a deceased beneficiary in a deed of trust must be made a party to a suit in partition. *Harbison v. Sanford*, 90 Mo. 481; *Parkinson v. Caplinger*, 65 Mo. 293; *Yates v. Johnson*, 87 Mo. 216. See, also, *Scott v. Guernsey*, 48 N. Y. 106; *Page v. Webster*, 8 Mich. 263; *Marshall v. Marshall*, 5 S. Rep. 478. (3) The partition proceeding is binding on plaintiff, she having voluntarily joined as plaintiff therein; by so doing she waived her claim to the land sold for the payment of the debts of her father. A judgment in partition is as conclusive as any other judgment. *Hart v. Steedman*, 98 Mo. 452; *Smith v. Patterson*, 95 Mo. 530. (4) The statute of limitations is a bar to this suit. Plaintiff's husband having abandoned her twelve or fourteen years ago she was not exempt from the bar of the statute of limitations. See *Phelps v. Walker*, 78 Mo. 320; *Geisen v. Herderich*, 104 Ill. 537; *Brown v. Cousens*, 51 Me. 301; *Dunham v. Savage*, 52 N. Y. 230. (5) Appellant permitted the land as partitioned

to be sold for the payment of the debts of her father's estate. For her interest in the land that was sold, she received an equivalent interest, belonging to her father in the land she now occupies under the partition. She accepted the balance of the money arising from the sale of the land assigned to her father's estate after the payment of the debts. Having received the money, she is estopped to claim the land. *McClanahan v. West*, 100 Mo. 323; *Austin v. Loring*, 63 Mo. 19; *Nanson v. Jacob*, 93 Mo. 346; *Chase v. Williams*, 74 Mo. 437; *Wilcoxon v. Osborn*, 77 Mo. 329. (6) The supreme court views with disfavor suits to set aside partition sales instituted nearly the life of a generation after the occurrence of the transactions in question. *McClanahan v. West*, 100 Mo. 324,

BURGESS, J.—Ejectment for fifty-eight and twenty-two hundredths acres of land off the west side of the southeast fractional quarter of section 29, township 34, range 35, in Platte county. The petition is in the usual form. The answer, aside from being a general denial, alleges that defendant is the owner of the land sued for, having bought the same for value from one George Gabbert, who bought it at a sale by the administrator of the estate of James W. Reese, deceased, and that the purchase money paid by Gabbert for said land, amounting to $1,280.84, was applied to the payment of the debts of the deceased; and a plea of the statute of limitations. To the answer plaintiff made reply.

The facts disclosed by the record are about as follows: In 1845, James W. Reese, plaintiff's father, and his sister, Barbara Ann Reed, were the owners in common of a tract of land of which the land in suit was a part. In 1846 Barbara Ann Reed conveyed her interest in the land to plaintiff and her sister Mary

Ellen Reese and to the survivor of them during her natural life, then to the heirs of her body. Mary Ellen Reese died in 1860, without issue, leaving James W. Reese the owner of one undivided interest in said land, the other interest being owned by plaintiff for life, with remainder to her children in fee. James W. Reese died in 1863, leaving as his heirs his widow and his only child, the plaintiff. Reese's widow qualified as his administratrix, but she shortly afterwards died, and W. F. Yocum was appointed as administrator of his estate; and Thomas H. Talbott qualified as the administrator of the widow's estate.

In 1869 plaintiff, with her husband, Thomas Throckmorton, and her children by her former husband, viz., James W. Moore, Madie P. Moore and William J. D. Moore, minors, by their guardian William Moore, instituted suit in the Platte county probate court against Thomas H. Talbott, administrator of Nancy Reese, and William F. Yocum, administrator of James W. Reese, for the partition of the said tract of land, praying that the interest she held for life under the deed from Barbara Ann Reed, in which her children held the remainder in fee at her death, be set off from that interest in the land belonging to the estate of James W. Reese, subject to the debts of the estate. Decree was duly rendered in accordance with the prayer of the petition. The commissioners set apart to plaintiff and her children their portion; and to the heirs of James W. Reese the land in controversy, and their report was duly confirmed in 1875.

In 1876 the administrator of the estate of James W. Reese applied to the Platte county probate court for an order for the sale of the real estate of James W. Reese, including the land so above set off in partition to his heirs, the same land in controversy here, for the

payment of the debts of the estate. The order was duly and legally granted. On April 11, 1876, the said land was sold, George Gabbert becoming the purchaser for the price of $1,280.84, and a deed was made to him therefor. The proceeds of the land sale were applied to the payment of the debts of James W. Reese. Shortly thereafter Gabbert for value sold and conveyed the land in controversy to defendant Joseph Pence. The land in controversy has been in the possession of Gabbert and Pence ever since said sale to Gabbert, and plaintiff since 1875 has been in possession of the land allotted to her and her children in said partition suit.

Plaintiff's last husband, Thomas Throckmorton, abandoned her some years before the institution of this suit, which was on August 16, 1890. As to the length of time which had elapsed after the abandonment, and before the commencement of the suit, the witnesses are not agreed, the time ranging from eight to ten and eleven years. For about two years after the separation, Throckmorton lived in this state, then moved to Kansas where he has since resided.

Under the instructions of the court the jury found a verdict for plaintiff for one undivided half of the land sued for. Defendant then filed his motion for new trial, which was sustained, and from the ruling of. the court in sustaining this motion and in granting defendant a new trial, plaintiff appealed to this court.

The court granted a new trial upon the theory that plaintiff should refund to defendant the sum of money paid for the land at administrator's sale before being entitled to recover, and that it committed error in declaring the law to the converse of that theory. If the land had been the property of James W. Reese at the time of his decease, then there might have been some plausible ground for the court's ruling in sustain-

ing the motion for new trial, but the evidence shows very clearly that one undivided half of the land sued for and in controversy never did belong to him, consequently could not be sold for the payment of his debts. The administrator's deed did not convey any land that did not belong to his intestate. The interest in the land for which plaintiff recovered a verdict did not descend to her from her father, but she acquired it by deed from her aunt Barbara Ann Reed, who conveyed to plaintiff and her sister Mary Ellen Reese and to the survivor of them and the heirs of her body, and plaintiff being the survivor took the entire estate thus conveyed for and during her natural life.

As a general rule he who purchases at a judicial sale does so at his peril. (*Estes v. Alexander*, 90 Mo. 453; *Cashion v. Faina*, 47 Mo. 133). And an administrator's sale is such a sale. If plaintiff had inherited the land from her father which was sold for the payment of his debts, and she was suing to recover the land because of the invalidity of the sale, then before she could do so, she would have to refund to the purchaser of the land at the administrator's sale, the money paid by him therefor, and which went to pay the debts of the deceased (*Schafer v. Causey*, 76 Mo. 365; *Evans v. Snyder*, 64 Mo. 516; *Huff v. Price*, 50 Mo. 228; *Jones v. Manly*, 58 Mo. 559; *Shroyer v. Nickell*, 55 Mo. 264; *Valle's Heirs v. Flemming's Heirs*, 29 Mo. 152), but that is not this case. Here the plaintiff is seeking to recover land to which her father never had a shadow of claim or title, that is, the interest deeded to her by her aunt.

Plaintiff having acquired the interest of her sister in the land by survivorship, then as the only heir at law of her father, she, by his death, acquired all the land that he then owned, subject, however, to the payment of his debts. This was the way the title of the land

stood at the time the proceedings in partition were begun. The proceedings in partition were absolutely void; plaintiff being the sole owner of the land, she could not maintain partition proceedings against herself, and the administrator of her father's estate had no interest in the land of his intestate which would authorize him to prosecute a partition suit, or to make him a party thereto. Freeman on Cotenancy and Partition, section 454, says: "An administrator, though the estate be shown to be insolvent, has no such seizin in the lands of the deceased as entitles him to apply for partition." So it was held in *Nason v. Willard*, 2 Mass. 477, that an administrator of an insolvent estate is not entitled to partition of land held by the intestate in common with others.

By section 1, chapter 152, Revised Statutes, 1865, it is provided that in all cases where land, tenements, or hereditaments are held in joint tenancy, tenancy in common, or coparcenary, including estates in fee, for life, or for years, tenancy by the curtesy and in dower, it shall be lawful for any one or more of the persons interested therein to file a petition in the proper court for partition, etc. But nowhere is there to be found in this statute any authority for making an administrator either plaintiff or defendant in a suit for a partition of the real estate.

It is contended by counsel for defendant that, inasmuch as plaintiff, after being abandoned by her husband, had the legal capacity to sue, then the statute of limitations began to run against her, and that, as more than ten years had elapsed from that time before the commencement of this suit, during all of which time defendant and his grantor had been in the actual possession of the land, plaintiff's action was barred by the ten year statute of limitations. This position would doubtlessly be correct but for the provisions of section,

3222, Revised Statutes, 1879, 6767 Revised Statutes, 1889, by which it is provided that where any person entitled to commence an action in that article specified, or to make an entry, be at the time a married woman, the time during which such disability shall continue shall not be deemed any portion of the time in the article limited, provided, etc. Now, the record discloses that at the time plaintiff's cause of action accrued, she was a married woman, and although she might have instituted this suit at any time after the abandonment of her husband, she was still a married woman, and the ten year statute of limitations was not running against her.

In *Campbell v. Crater*, 95 N. C. 156, it is held that the provisions of the Code of that state allowing a *femme covert* to sue alone regarding her separate property does not remove the disability of coverture so as to allow the statue of limitations to bar her right of action.

Mere ability to sue does not impose an obligation to do so, and for that reason, even though plaintiff could have sued either with or without her husband, she was not compelled to do so nor did her failure to sue during the statutory period subject her to a plea of the statute of limitations. *Smith v. Insurance Co.* 64 Mo. 330; *North v. James*, 61 Miss. 761; *Alsup v. Jordan*, 69 Tex. 300; *Wilson v. Wilson*, 36 Cal. 447; *Clark v. McCann*, 18 Hun (N. Y.), 13; *Ashley v. Rockwell*, 2 N. E. Rep. 437.

There is but very little evidence of acts and conduct on the part of defendant which would go to estop her from recovering the land here sued for. Nothing, in fact, when her coverture is taken into consideration. The evidence does not show that she ever received a dollar of the money arising from its sale by the administrator of her father's estate, and the fact that she may have thought the land legally sold, that the administra-

tor had the right to sell it for the payment of her father's debts, and that she stood by and saw the purchaser improving it, paying taxes on it, and made no claim thereto does not estop her from asserting her right to the property. It has been repeatedly held by this court that the doctrine of estoppel does not apply to a married woman in cases of this kind. *Crenshaw v. Creek*, 52 Mo, 98; *Hempstead v. Easton*, 33 Mo. 142; *Barker v. Circle*, 60 Mo. 258. See also *Glidden v. Strupler*, 52 Pa. St. 400.

Not only this but the deed under which plaintiff derived title was on record, and under such circumstances, mere silence on her part was no violation of duty and she is not by reason of such silence estopped from asserting her rights. *Bales v. Perry*, 51 Mo. 449; *Mayo v. Cartwright*, 30 Ark. 407; *Neal v. Gregory*, 19 Fla. 356; *Sulphine v. Dunbar*, 55 Miss. 255; *Rice v. Dewy*, 54 Barb. (N. Y.) 455; *Knouff v. Thompson*, 16 Pa. St. 357; *Kingman v. Graham*, 51 Wis. 232.

Moreover estoppel is not pleaded which is absolutely necessary when relied upon *in pais* as a defense. *Bray v. Marshall*, 75 Mo. 327; *Avery v. Railroad*, 113 Mo. 561; *Noble v. Blount*, 77 Mo. 235; *Messersmith v. Messersmith*, 22 Mo. 372.

For the reasons herein stated, the court committed error in sustaining the motion for a new trial, and the judgment should be reversed and cause remanded to be proceeded with in accordance with this opinion. It is so ordered. All of this division concur.