CUNNINGHAM et al., Appellants, v. EDSALL et al.

### Division One, December 22, 1906.

1. **REFORMING DEED:** Evidence. An administrator's deed to a deceased grantee cannot be reformed as containing a wrongful description by a showing that the land was described in a set of abstract books by the same description it was conveyed by said grantee to plaintiff's ancestor, and that by that description an eighty "east of the bayou" was described, and that intestate never owned any land "east of the bayou," the administrator's deed itself not being offered in evidence or its absence accounted for.

2. ———: ———: **Administrator's Deed.** To reform an administrator's deed, on the ground of mistake in description, the petition, order of sale and notice of sale, all of which are required to correctly describe the land, should be offered in evidence; otherwise, it will be presumed that he sold the land he was ordered to sell.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Faris & Oliver* for appellants.

(1) Courts of equity will treat that as done which the party agreed to do, so, where a party undertakes to convey land, but by a mistake in the description conveys land which he does not own, and which, as the record in this case shows, he never owned, equity will regard the deed as conveying the land actually owned by the grantors, and intended to be conveyed. Rhodes v. Outcalt, 48 Mo. 367; Key v. Jennings, 66 Mo. 370. (2) The error complained of in the conveyances sought to be corrected is a patent one, consisting, as it does, in the writing of the word "six" as the number of the section in lieu of the word "five," as it should have

been written. In every other respect, the description was exactly correct. It was shown that the words of description, "east of the bayou," applied to the land in section 5, but not to that in section 6. Taking all of the facts in this case, the error is manifest and patent; equity will disregard the erroneous part of the description and give effect to the manifest intentions of the parties. Presnell v. Headley, 141 Mo. 187; Evans v. Greene, 21 Mo. 208; West v. Bretelle, 115 Mo. 653; Gibson v. Bogy, 28 Mo. 478; Jamison v. Fopiano, 48 Mo. 194; Cooley v. Warren, 53 Mo. 166; Shewalter v. Pirner, 55 Mo. 218; Brown v. Gibson, 82 Mo. 529; Deal v. Cooper, 94 Mo. 62; Burnett v. McCluey, 78 Mo. 676. (3) Plaintiffs were in possession of this land, and had held possession of it for three years before this action was brought. Prior to the taking of possession by plaintiffs, the land was wild, timbered land in the possession of no one. Neither the defendants nor any one under whom they claimed or might claim this land had ever been in the possession thereof. This possession on the part of plaintiffs raised a presumption of title. Dale v. Faivre, 43 Mo. 556.

*Oliver & Oliver* for respondents.

The deed sought to be reformed on the ground of mistake is a deed of an administrator. Before this deed could have been made, the administrator must have presented a petition to the probate court asking for the sale of this land. This petition should have clearly set out a description of the land sought to be sold. That petition is not offered in evidence. Before this deed could have been legally made, it required an order of sale by the probate court. The order of sale in the probate court should properly describe the land sold. No order of sale is offered to show a mistake. Before this deed could have been legally made, the adminis-

trator must have advertised the land for sale. That advertisement would show what land was intended to be sold. The advertisement of the administrator is not offered to show that the land sold was advertised as section 5. Before this deed could have been legally made, the law required the administrator to make a report of sale to the probate court. That report would show what land was sold, whether section 5 or 6. It was not offered. Before this deed could have been legally made by the administrator, the report of sale must have been approved by the probate court as a condition precedent. No order of approval is here shown to have been made. If any one of these several steps required in the probate court had been shown on the trial of this cause, and it was made to appear that the administrator was dealing with section 5 instead of section 6, there might have been some pretense for the appellants contending that there was a mistake in the deed from the administrator to Henry Edsall, but not a single offering of the above character can be found in this record, and for all that this court knows, every step taken in the probate court was taken with reference to section 6 which was sold. In fact, the law presumes, from the recital of the deed, that every step taken in the probate court was taken with reference to section 6 and not to section 5.

BRACE, P. J.—This is a suit in equity to correct an alleged mistake in two deeds, in which, on the hearing, the plaintiffs' bill was dismissed, judgment rendered against them for costs, and they appeal.

The plaintiffs are the sole heirs at law of Franklin Cunningham, deceased, and the defendants are the sole heirs at law of James R. Edsall, deceased.

James R. Edsall died in the year 1874 or 1875, seized and possessed, among other lands, of the following tract in the county of Pemiscot, to-wit: "The south half of the southwest quarter of section No. *five,* east of

the bayou, in township No. 17, north of range No. 12,
east." By warranty deed, dated May 4, 1886, Henry
R. Edsall, since deceased, conveyed "the south half of
the southwest quarter, east of the bayou, of section No.
*six* in township No. 17, north of range No. 12, east"
in said county, to Franklin Cunningham.

It is charged in the petition that the land which
the said Franklin Cunningham purchased from the said
Henry Edsall, and which was intended to be conveyed
by said deed, was the land in section number five,
aforesaid, but that by mutual mistake the land was
described as in section number six. That the said
Henry R. Edsall had purchased said land in section
five "at the sale of the administrator of said James R.
Edsall, deceased," and that by mutual mistake the
deed of said administrator described the land as in
section six instead of section five as intended, and that
"the deed of conveyance from said Henry Edsall, de-
ceased, to said Frank Cunningham, deceased, contin-
ued the same error." Wherefore, plaintiffs pray that
the error in said deeds be corrected, and that the de-
fendants be divested of title to the land aforesaid in
section five and that the same be vested in the plain-
tiffs. Upon the allegations of the petition issue was
joined by answer.

The only evidence introduced in proof of the alle-
gations that Henry R. Edsall purchased said land in
section five at the sale of the administrator of the said
James R. Edsall and that by mutual mistake the deed
of said administrator described the land as in section
"six" instead of section "five" as intended, was the
following entry in "Carleton's Abstracts of Pemiscot
county:"

"No. 7. James R. Edsall's administrator to Henry
Edsall. Administrator's deed, dated April 5, 1881.
Consideration $217.50. Filed and recorded April 5,
1881, in book 'F' at page 158. Lands conveyed: The
south half of the southwest quarter of section No. 6,

east of the bayou, in township No. 17, north of range
No. 12, east, containing seventy acres, more or less.''

And evidence tending to prove that the said James
R. Edsall never owned the south half of the southwest
quarter of section six; that, that land is not ''east of
the bayou,'' and that the south half of the southwest
quarter of section five which he did own at the time
of his death is ''east of the bayou.'' That was the case
made for the plaintiffs by the evidence.

The administrator's deed which plaintiffs seek to
reform was not offered in evidence, or its absence ac-
counted for, and the only evidence that it ever ex-
isted or of its contents is the entry aforesaid in ''Carle-
ton's Abstracts.'' To the admission of the entries in
those abstracts, however, no objection was made.

So that the chancellor was called on in this pro-
ceeding against the heirs at law of James R. Edsall,
deceased, to correct an alleged mistake in a deed ex-
ecuted by his administrator, of the contents of which
there was no evidence, except the entry in the abstract
aforesaid, and as corollary thereto to divest the de-
fendants of the title which upon the death of their an-
cestor descended to and vested in them, and vest their
title in the grantee in such deed. The title of the heirs
of James R. Edsall to the land of which he died seized
could be taken from them only by a proceeding in the
probate court, in the manner pointed out by the stat-
ute. In order thereto, it was necessary that there
should have been a petition, an order of sale and a
notice thereof, correctly describing the land — a sale
of the land described, and approval of that sale by
the court and a deed by the administrator made in
pursuance thereof. The administrator could have in-
tended to sell and convey no other or different land
than that which he was ordered to sell, and there was
no evidence in the case that the land which he con-
veyed by this deed was not the land which he was or-

dered to sell — if there was any such order, of which, however, there is no evidence, nor is there any evidence of any proceeding in which such an order could have been made. If there was any such proceeding, the defendants were not privy thereto — it was hostile to them and their interests. Whatever power the administrator had over the land which descended to them was given to him by the statute and only by compliance with its requirements could they be divested of their title — nothing could be laid upon their conscience by his acts. Administrators' sales are judicial sales and to such sales the rule of *caveat emptor* applies. [Throckmorton v. Pence, 121 Mo. 50; Estes v. Alexander, 90 Mo. 453.] If the administrator's deed was made in pursuance of a sale made by the administrator as in effect is charged in the petition, then the land conveyed must be presumed to be the land that he was ordered to sell, and if he was ordered to sell the south half of the southwest quarter of section six east of the bayou, there was no mistake in the deed. The purchaser by the deed got just what he purchased. There is not a particle of evidence tending to prove that the administrator was ordered to sell the south half of the southwest quarter of section five east of the bayou, or of any proceeding under which he could have sold a tract of land by that description. Hence there was no evidence of any mistake in the administrator's deed, and, as this was the vital question in the case, the trial court committed no error in dismissing the bill, and its judgment is affirmed. All concur.