STATE OF MISSOURI, Respondent, v. HENRY C. CLAWSON, Appellant.

**St. Louis Court of Appeals, October 16, 1888.**

1. **Practice, Appellate**: SUFFICIENCY OF EVIDENCE. When the offense charged against a defendant is in its nature provable by circumstantial evidence only, and two successive juries have found such evidence sufficient to convict, an appellate court cannot consider an objection that the evidence was insufficient to support the verdict.

2.   Adultery :. EVIDENCE : ADMISSIONS PRIOR TO OFFENSE. Admissions made by the defendant, anterior to the period within which the crime of adultery is charged to have been committed, are admissible in evidence, not as proof of the alleged crime, but as explanatory of acts subsequently done within the period limited in the charge.

3.   Evidence : CIRCUMSTANTIAL. When a fact is to be established by circumstantial evidence, all surrounding circumstances are proper to be weighed by the jury, if they have any bearing whatever on the ultimate fact sought to be established.

*Appeal from the Knox Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*Hollister & Anderson,* for the appellant.

The offense consists of an open and notorious living or cohabiting together. Occasional illicit intercourse will not constitute the offense. They must reside together publicly, in the face of society, as if the conjugal relation existed between them ; the illicit intercourse must be habitual. *State v. Crowner,* 26 Mo. 150 ; *Wright v. State,* 5 Black, 358 ; *Searls v. People,* 13 Ill. 597 ; *State v. Gartrell,* 14 Ind. 280 ; *State v. Marvin,* 12 Iowa, 499 ; *Sinson v. State,* 7 Mo. 244 ; *Dameron v. State,* 8 Mo. 494 ; *Miner v. People,* 58 Ill. 59 ; *People v. Gales,* 46 Cal. 52 ; *Carrotti v. State,* 42 Miss. 334 ; *Smith v. State,* 30 Ala. 554. So one act is not sufficient. *Collins v. State,* 14 Ala. 608 ; *Richardson v. State,* 39 Tex. 346. There must be both lewd and lascivious intercourse and a living together of the parties as husband and wife together to constitute the offense. *Jones v. Commonwealth,* 80 Va. 18 ; *Scott v. Commonwealth,* 77 Va. 346 ; *Searls v. People,* 13 Ill. 597. The state must show they lived together as man and wife. *State v. West,* 34 Mo. 440 ; *Granberry v. State,* 61 Miss. 440.

*O. D. Jones,* for the respondent.

Evidence is admissible of improper familiarity and adultery between the parties, both before and after the

commission of the offense charged, although it proves other and distinct offenses. *State v. Bidgeman*, 49 Vt. 202; *State v. Potter*, 52 Vt. 33; *State v. Marvin*, 35 N. H. 28; *State v. Williams*, 76 Me. 480; *Gardner v. Maderia*, 2 Yeates (Pa.) 466; *Thayer v. Thayer*, 101 Mass. 111; *State v. Pippin*, 88 N. C. 646; *Cole v. State*, 6 Baxt. (Tenn.) 236; *Richardson v. State*, 37 Tex. 346; *Alsabrooks v. State*, 52 Ala. 24; *State v. Way*, 5 Neb. 283; *People v. Jenners*, 5 Mich. 322; *People v. Davis*, 52 Mich. 569; *Cross v. State*, 78 Ala. 430.

ROMBAUER, P. J., delivered the opinion of the court.

Upon a former appeal by defendant (30 Mo. App. 139), we reversed the judgment and remanded the cause because the court had admitted testimony for the state of an act on part of defendant many years anterior to the alleged offense, and having no connection whatever therewith. We also made some suggestions in regard to the improper admission of evidence touching the defendant's general reputation for chastity.

A retrial of the cause resulted in a second verdict against the defendant.

The defendant now complains that the evidence was insufficient to warrant the verdict, and that the court admitted illegal evidence for the state against his objections.

The indictment charges lascivious cohabitation by the defendant with a married woman, not his wife, being one of the three specifications of an offense covered by section 1541 of the Revised Statutes. The defendant's first complaint is, that there was no evidence of an *open and notorious* living and cohabitation together. In *State v. Crowner*, 56 Mo. 147, the supreme court held that occasional illicit intercourse will not constitute the offense. That the parties must reside together publicly in the face of society, as if the conjugal relation existed between them. The indictment in that case, however, was one exclusively under the

first clause of the section which refers to open and notorious adultery, and the language there used is inapplicable to the indictment in the case at bar.

We did not hesitate to say, when the case was last before us, that the defendant was convicted on circumstantial evidence of an unsatisfactory character. We, however, did not hold that there was, even then, a failure of proof. Had we done so, we would have ordered the discharge of the prisoner instead of remanding the cause for new trial. The legal evidence on the last trial was substantially the same as on the trial foregoing, with additional evidence of some admissions made by the defendant. As the offense is one which, in its very nature, is provable by circumstantial evidence only, and as two successive juries have deemed the circumstantial evidence sufficient to substantiate the offense, we are not justified to vacate the verdict for failure of proof.

The defendant's next objection relates to the admission of illegal evidence against him. The evidence thus admitted consisted of declarations made by the defendant touching his connection with the *particeps criminis*, made anterior to the time of the offense charged, and more than one year prior to the finding of the indictment, and the admission of some circumstantial evidence which the defendant claims was irrelevant, as too remote. The defendant contends that, since the prosecution for offenses of this character is barred by limitation in one year, these declarations of the defendant, made more than one year prior to the finding of the indictment, were incompetent evidence to establish his guilt. If the object of such evidence was to establish the defendant's guilt, the argument would be tenable, but as the evidence, while incompetent for that purpose, was clearly competent for the purpose of explaining subsequent acts of familiarity and intercourse falling within the period covered by the indictment, a general objection to it could not be entertained. The only proper course for defendant in such cases is to ask the

court to limit the effect of the evidence by instruction. *The Union Sav. Ass'n v. Edwards*, 47 Mo. 445. Prof. Greenleaf says (2 Greenl. Evid. [13 Ed.] sec. 47): "When the fact of adultery is alleged to have been committed within a limited period of time, it is not necessary that the evidence be confined to that period; but proof of acts anterior to the time alleged may be adduced, in explanation of other acts within that period. Thus, where the statute of limitations was pleaded, the plaintiff was permitted to begin with proof of acts of adultery committed more than six years preceding, as explanatory acts of indecent familiarity within the time alleged," and the proposition is amply sustained by decided cases.

As to the evidence of surrounding circumstances, the admission whereof is complained of, the objection is untenable. In cases where a fact is to be established by circumstantial evidence, all surrounding circumstances are proper to be weighed by the jury if they have any bearing whatever on the ultimate fact sought to be established. "It is a fundamental rule," says Prof. Greenleaf, "that it is not necessary to prove the direct fact of adultery, because, if it were otherwise, there is not one case in a hundred in which that proof would be obtainable." 2 Greenl. on Evid. sec. 40.

No complaint is made of the instructions, but we have carefully examined them, and find that the case has been submitted to the jury on instructions of which defendant has no right to complain.

It results that the judgment must be affirmed. So ordered. PEERS, J., concurs; THOMPSON, J., absent.