## LINCK, Respondent, v. VORHAUER, Appellant.

**St. Louis Court of Appeals, February 16, 1904.**

1. **LIMITATIONS: Coverture.** The statute of limitations does not run against a wife, who sues for the alienation of her husband's affections, as long as she is not divorced, although she is separated from him.

2. **Alienation of Affections: Evidence: Res Gestae.** In an action by a wife for the alienation of her husband's affections, evidence of improper relations between the defendant and the husband, one and two years before the separation of husband and wife, where the intimacy continued down to the separation, was prop-

erly admitted because part of the *res gestae,* and because proper for the purpose of explaining the subsequent conduct of the parties.

3. ————: **Damage to Plaintiff's Character.** An instruction requiring the jury to take into consideration damage to plaintiff's character was properly given.

Appeal from St. Louis Circuit Court.—*Hon. J. W. McElhinney,* Judge.

AFFIRMED.

*Ed. L. Gottschalk* and *Thos. H. Sprinkle* for appellant.

(1) Plaintiff's alleged cause of action is barred by the statutes of limitations. R. S. 1899, sec. 4273; Brockman v. Ritter, 21 Ind. App. 250. The cause of action accrues when plaintiff first had a legal right to sue. Schade v. Gehner, 133 Mo. 252; Rankin, Jr., v. Schaeffer, 4 Mo. App. 108; Rowsey v. Lynch, 61 Mo. 560; 19 Am. & Eng. Ency. of Law (2 Ed.), 193; Bird v. Railroad, 30 Mo. App. 365; Bunten v. Railroad, 50 Mo. App. 414; Powers v. Railroad, 158 Mo. 87. (2) Two years prior to wrongful acts is too remote. People v. Hendrickson, 53 Mich. 525. Proof of adultery is inadmissible unless pleaded. 15 Am. & Eng. Ency. of Law (2 Ed.), 863. Inference upon inferences not permissible. Gaskill v. Lead & Zinc Co., 84 Mo. App. 521; Dill v. Railroad, 37 Mo. App. 458; Yarnell v. Railroad, 113 Mo. 580; State v. Lackland, 136 Mo. 32; Lenox v. Harrison, 88 Mo. 496; Bigelow v. Railroad, 48 Mo. App. 371; Chemical Co. v. Railroad, 78 Mo. App. 312; Glick v. Railroad, 57 Mo. App. 97. (3) Damage to character not measure of damages. (4) Mere alienation of affections is not sufficient, but something further tending to prevent or dissuade the husband from living with the wife is requisite. Modisett v. McPike, 74 Mo. 647; 15 Am. and Eng. Ency. of Law (2 Ed.), 865 and 866.

*Henry H. Oberschelp* and *Arthur Digby* for respondent.

· (1)   So long as the marriage exists, any interference with the wife's enjoyment of her husband's society, support, protection, comfort and affection is actionable, and enforceable even by injunction. Ex parte Warfield, 40 Tex. 413, 76 Am. St. 724.   (2)   If an act is wrong at the outset, its continuance can not become rightful.   Wells v. New Haven & Northampton Co., 151 Mass. 46, 21 Am. St. 421.   (3)   The petition alleges continuing and recurring wrongs, in which cases plaintiff can recover for damages sustained since five years prior to the filing of the petition.   19 Am. & Eng. Enc. of Law (2 Ed.), 201; Cedar Lake Hotel Co. v. Cedar Creek Hydraulic Co., 79 Wis. 297; Barclay v. Grove, 11 Atl. 888; Lentz v. Carnegie, 145 Pa. St. 612; Colrick v. Swinburne, 105 N. Y. 503; Reed v. State, 108 N. Y. 408; Smith v. Sedalia, 152 Mo. 283, 300.   (4) Where a course of conduct is shown to exist, it is proper to prove acts committed at its commencement.   Previous acts may be proven as explaining or giving color to subsequent acts.   State v. Clawson, 32 Mo. App. 93, 97; 30 Mo. App. 139, 143; State v. Coffee, 75 Mo. App. 88, 91; Law of Presumptive Evidence (Lawson), 223, 219, 228.   (5)   Plaintiff's allegations of inducement were sufficiently specific.   Nichols v. Nichols, 134 Mo. 191. (6)   It was proper to use the words "character" and "condition" in defining the measure of damages.   Hartpence v. Rogers,   143 Mo. 623, 635, 636;   Modisett v. McPike, 74 Mo. 641.   (7)   A retrial of this case should not be ordered unless positively necessary.   Broyhill v. Norton, 74 S. W. 1024, 1025; R. S. 1899, sec. 865.

BLAND, P. J.—Since the judgment appealed from was recovered in the circuit court, the defendant has intermarried with Edward C. Linck, and the name, Dora Linck, as defendant, has been substituted in this court

for that of Dora Vorhauer and the style of the cause changed to correspond with the change in the name of the defendant.

This is an action instituted by the plaintiff for the alienation of the affections of plaintiff's husband. The material allegations of the petition are that the plaintiff was married to Edward C. Linck on July 23, 1879, and continued to live with him until the seventh day of August, 1895.

"That during all that time she and her said husband enjoyed the aid, support, protection, comfort, companionship, society and affection of each other; that defendant well knowing that plaintiff and Edward Linck were husband and wife, and that they were living happily together, enjoying the aid, support, companionship society and affection of each other, wrongfully contriving and intending to injure plaintiff and deprive her of the comfort, society, affection, protection and support of her said husband; did on the seventeenth day of August, 1895, wickedly induce said Edward Linck to abandon and desert plaintiff to live with the defendant, and to neglect to support plaintiff properly;" and said husband being so influenced did leave and abandon plaintiff. "That defendant has ever since continued and still continues to entice, influence and induce said Edward Linck to remain away from plaintiff and not to support her and not to bestow upon her such affection as he formerly did, and that he lives with defendant."

That said Edward Linck, under this influence, has failed to support plaintiff or bestow upon her such affection as formerly but has lived and still lives with the defendant. "That ever since said abandonment the defendant has wrongfully, wickedly and maliciously detained and harbored plaintiff's husband, and has kept him separate and apart from plaintiff, and has, by her said wrongful, wicked and malicious acts and conduct deprived plaintiff, and still deprives her of the aid, support, protection, comfort, companionship, society and

affection of her husband,'' for which plaintiff claims $10,000 actual and $5,000 punitive damages.

Defendant's answer is, first, a general denial; second, a plea of five years statute of limitations; third, that whatever alienation of affections arose they were caused by the misconduct and acts of the plaintiff, and various efforts of reconciliation between the parties were set out.

The reply is a general denial.

Plaintiff and Edward C. Linck were married in July, 1879, and finally separated August 17, 1895. Four children were born of the marriage, two of whom are living, a boy and a girl.

The jury found the issues for the plaintiff and assessed her damages at four thousand  dollars,  but allowed her no punitive damages.  To avoid the awarding of a new trial, plaintiff entered a remittitur of fifteen hundred dollars and judgment was rendered in her favor for twenty-five hundred dollars.  Defendant appealed from this judgment.

1.   Defendant insists that the case falls within the five years statute of limitations.  It is both averred and admitted by plaintiff that her final separation from Edward C. Linck took place more than five years prior to the commencement of the suit, and that they never thereafter lived together as man and wife.  The evidence tends to show that for the first year or two after the separation Linck cohabited with the defendant, and finally took up his residence with her and continued to reside with her down to the day of the trial.  It further shows that Linck's intimacy with the defendant was the entering wedge, if not the sole cause of the separation between himself and wife.  After the separation he brought three successive suits against plaintiff for divorce, in all of which he was unsuccessful.  The evidence, therefore, is conclusive that plaintiff had information before and at the time of the separation of Linck's associations with the defendant, and the plea of

fraud or concealment would not be available to her as a defense to the running of the five year statute of limitations if the statute is applicable to her. Sanborn v. Gale, 26 L. R. A. (Mass.) 864. But being the wife of Edward Linck, she was under the disability of coverture and was expressly exempt from the operation of the statute of limitations. Section 4279, R. S. 1899; Lindell Real Estate Co. v. Lindell, 142 Mo. 61; Reed v. Painter, 145 Mo. 341; Linville v. Greer, 165 Mo. 380.

2. Hartman, a witness for plaintiff, testified that he worked for her husband, Edward C. Linck (in the paper hanging business), during the years 1893 and 1894; that during the time he worked for two and one-half weeks papering the defendant's house. He said: "Mr. Linck did not assist me with the work. He was around the house. I went to him, or looked for him for directions in regard to my work. I found him downstairs on the first floor. I knocked at the door. He came out of the bedroom into the kitchen. It was Mrs. Vorhauer's bedroom. Nobody but Mrs. Vorhauer was with Mr. Linck. She was right behind him after he got out. She was dressed in a white gown and a white wrapper. A loose gown. This was on Jefferson avenue, and I believe Hebert street. It was right on the corner. Of course the corner was grocery store and saloon and her house was right next door. It was on the east side of Jefferson avenue. I saw Mr. Linck there every day that I worked there, and after I had that job done I had to go to Mrs. Vorhauer's house to find him. I found him there about nine out of every ten times. One day I went down there and I rang the bell and I went back to the kitchen. Then I went alongside the house and I seen that the curtain was up about six inches high, and I looked in there and I saw them both in bed. There was a cover on them. They were both in the same bed. I saw them at the Cottage in Forest Park. They drove out in a buggy. There was no one with them. She was a married woman at that time. Her husband's name

was Conn Vorhauer.   After that if I wanted Mr. Linck I had to go and see what I needed at the store, you know. I never found him at the store, and I would go and find him at Mrs. Vorhauer's residence.''

The defendant objected to this evidence on the ground that it was too remote from the time of the separation of Linck and his wife.   The objection was overruled, to which ruling defendant duly saved his exceptions and assigns here the admission of this evidence as error.   His argument is that the evidence tends to contradict the allegation of plaintiff's petition that she and her husband had lived happily together until August, 1895, two years or more after the scenes testified to by Hartman, and that the transaction was not part of the *res gestae* and was too remote.   The alienation which caused the separation of Linck from his wife on August 17, 1895, was not the result of one act, but of a continuous course of wrongful conduct dating back to the inception of the intimacy between the defendant and Edward Linck.   The evidence shows that the intimacy to which Hartman testified was at no time thereafter broken off, but continued down to the day of separation and to the day of trial, and we think it was competent to show the intimacy for the entire period for the purpose of proving the alleged alienation of the affections of Edward Linck from his wife, and his bestowal of them upon the defendant.   State v. Coffee, 75 Mo. App. l. c. 91.   The acts of intimacy, testified to by the witness, were shown to have continued down to the separation, therefore, they had a causal connection with the wrong alleged and were of the procuring cause of the alienation and served to explain and illustrate the means by which the defendant brought it about.   We think for these reasons, they were a part of the *res gestae* of the transaction.   Wharton on Evidence, sec. 262; Taylor on Evidence (8 Ed.), sec. 588; 1 Greenleaf on Evidence, sec. 108; Harriman v. Stowe, 57 Mo. 93; Louisville, New Albany & Chicago Ry. Co. v. Wood, 113 Ind.

544; Miller v. Feenane, 50 N. J. L. 32; Alabama Great Southern R. R. Co. v. Hawk, 72 Ala. 112.   The evidence was admissible also under the rule that when a course of conduct is shown to exist, it is proper to prove acts committed at its commencement for the purpose of explaining the subsequent conduct.   State v. Clawson, 32 Mo. App. 93.

3.   On the measure of actual damages the court gave the following instruction:

"1.   If you find from the evidence, in favor of the plaintiff, you will assess the actual damages sustained by her, at such sum as will compensate her for the injury, if any, sustained by her as a result of the conduct of defendant in the loss of the support, protection, comfort, society and affection of her husband, in case and so far as you may find there has been such loss, and the wrong and injury, if any, done to her feelings, character and condition, on and after the twenty-first day of March, 1898, but for no injury or loss prior to that time."

This instruction is objected to for the reason the jury was authorized in assessing the damages to take into consideration damage to plaintiff's character.   Defendant's contention is that the damage should have been restricted to the loss of *consortium*—loss of the conjugal society, affection and support of her husband. In Hartpence v. Rogers, 143 Mo. 623, it was held that in a suit by a husband against the defendant for alienating his wife's affections, the disgrace and dishonor cast upon him might be considered by the jury in assessing the damages, and in the case of Modisett v. McPike, 74 Mo. 636, where a like instruction in a similar case was given, was approvingly cited.

Discovering no reversible error in the record, the judgment is affirmed.  *Reyburn* and *Goode, JJ.,* concur.