## MARTHA A. GRIER, Respondent, v. ESTATE OF ROBBINS, Appellant.

St. Louis Court of Appeals, June 24, 1913.

EXECUTORS AND ADMINISTRATORS: Presentation of Claims: Statute of Limitations: Married Woman. The exception in Sec. 191, R. S. 1909, from the limitation of two years for filing demands against a decedent's estate, whereby demands of married women need not be filed until within two years after the removal of their disability, was not abrogated by the Married Woman's Act (Sec. 8304, R. S. 1909), enabling a married woman to sue and be sued as though single.

Appeal from St. Louis County Circuit Court.—*Hon. John W. McElhinney,* Judge.

AFFIRMED.

*Wm. K. Koerner* and *Chilton Atkinson* for appellant.

The disability of married women in so far as they had the right to file claims against estates in the probate court, for money loaned, on their own initiative, and to file suits for such purpose against an executor in their own names and on their own initiative, were removed by statutes now appearing as Secs. 1735 and 8304, R. S. 1909. These statutes were enacted long after Sec. 191, R. S. 1909, which is the special Statute of Limitation of demands against estates and which except married women, so long as their disability exists.

*Pierce B. Barnard* and *Henry Higginbotham* for respondent

The fact that the Married Women's Act gives a married woman the right to sue as a *feme sole* does not remove her physical or other disabilities of coverture and does not take away from her the benefit of saving clauses. Linck v. Vorhauer, 104 Mo. App. 373; Lindell v. Lindell, 142 Mo. 75.

NORTONI, J.—This suit originated in the probate court through the filing of a demand against the estate of a deceased person. It found its way by appeal to the circuit court, where the finding and judgment were for plaintiff. From this judgment defendant prosecutes the appeal here.

The sole question for consideration relates to the two-year limitation prescribed by the statute for the filing of demands in the probate court against an estate and the saving clause excepting the demands of married women and others under disability from the bar such statute declares.

Plaintiff is a married woman, and it appears the demand in suit was filed against the estate more than

two years and two months after letters testamentary were issued thereon and the notice of such letters published. Letters testamentary were granted upon the estate by the probate court on the 9th day of June, 1908, and the notice of the issuance of such letters was duly published by the executrix on June 12th, or three days after their issue. More than two years and two months thereafter, on June 13, 1910, plaintiff filed the demand involved here in the probate court for allowance against the estate, and gave the notice required by the statute. Because the filing of the demand was thus deferred for more than two years after issuance of the letters, it is urged the claim is barred by the statute and that the court erred in refusing to so declare the law. The statute is as follows:

"All demands not thus exhibited in two years shall be forever barred, saving to infants, persons of unsound mind or imprisoned, and married women, two years after the removal of their disability, and said two years shall begin to run from the date of the letters where notice shall be published within thirty days, as provided in section 82, and in all other cases said two years shall begin to run from the date of publication of the notice." [Sec. 191, R. S. 1909.]

There can be no doubt that the statute is one of limitations, but, by express words therein, it saves an exception in favor of the demands of married women two years after the removal of their disability. It is said that this statute has been parcel of our administration law since Missouri became a State, for, indeed, it is found in the territorial laws of Missouri as early as 1818. It is certain that it antedates by many years the adoption of our Married Woman's Act, which removes the disability of coverture and confers upon a married woman the right to sue and to be sued as though she were a *feme sole*. It is therefore argued that, as the demands of married women are saved from

the bar of the statute for a period of two years only after the disability of coverture is removed, the demand involved in the instant case falls within the bar and is subject to the limitation prescribed, for the reason the disability of coverture was removed by the Married Woman's Statute many years before the demand was filed.

The argument inheres with much force and is highly persuasive, for it would seem, as the married woman is now enfranchised from the disabilities which formerly attended her relation, that sound reason would invoke the statutory bar with respect to her demands as well as those of others who are alike competent to sue and enforce them. But the juridicial view of the general question presented seems to be determined and fixed by the superior court of the State in the conception that the limitation statutes and the saving exceptions therein in favor of the rights of married women inhere with a high public policy, to be declared alone by the legislative authority and preserved intact as written from modification through judicial construction.

Touching the general Statutes of Limitations, it is said, in considering the saving exceptions in favor of those under the disability of coverture, that in the first instance the mere ability to sue does not impose an obligation to do so, and for that reason, even though a married woman plaintiff may sue either with or without her husband, she is not compelled to do so, nor does her failure to sue during the statutory period subject her claim to the Statute of Limitations. [Throckmorton v. Pence, 121 Mo. 50, 58, 59, 25 S. W. 843.] However this may be, and though it would seem that the question in the instant case is one of mere interpretation of the statute, the courts seem to treat it, when presented under the general statutes, rather as one of construction and recede from the proposal to

thus effectuate the Married Woman's Act removing the disability of coverture, on the ground that it is for the Legislature alone to eliminate the saving exception from the limitation statutes. Mindful of this, it is said by a leading authority:

"In those States in which married women are excepted from the operation of the statute, the circumstance that they are by statute clothed with the power of suing and being sued, or even endowed with all the privileges, rights and liabilities of a *feme sole,* would hardly seem to be sufficient to change the rule, or deprive them of the benefits of the disability if they choose to avail themselves of it; and the circumstance that the Legislature has clothed them with these rights, without making any change in the Statute of Limitations with respect of them, indicates an intention on the part of the Legislature that they shall still remain within the exception contained therein." [See Wood, Lim. (3 Ed.), sec. 240.]

Further on in the same section it is said: "The circumstance that a married woman is clothed with power to sue in her own name does not defeat the exception, because, although she may not be within the reason of the statute, she is nevertheless *within its letter, and the Legislature not having seen fit to repeal the saving clause as to her, the courts have no power to do so.*" [Wood, Lim. (3 Ed.), sec. 240.]

Our Supreme Court has heretofore expressed its approval of the general doctrine thus stated and ruled the question then before it accordingly, as will appear by reference to Lindell Real Estate Co. v. Lindell, 142 Mo. 61, 76, 77, 43 S. W. 368. [See, also, Linck v. Vorhauer, 104 Mo. App. 368, 79 S. W. 478.] No one can doubt that, if such be the rule with respect to the saving exceptions in favor of the rights of married women in the general Statutes of Limitations, the identical doctrine obtains here as well, for if the court may

not interpret the older statutes saving the exception in the light of the more recent one removing the bar of coverture in the one case, but is to remit it to the Legislature instead, it may not interpret the statute except according to its letter in the other case and should likewise remit the question concerning it to the same authority.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.