Richard MATTINGLY, et ux.,
Plaintiffs/Respondents,

v.

Dale F. HUDSON, et al.,
Defendants/Appellants.

No. 56798.

Missouri Court of Appeals,
Eastern District,
Division One.

March 6, 1990.

Francis J. Toohey, Jr., Perryville, for defendants/appellants.

Herbert A. Kasten, Jr., Ste. Genevieve, for plaintiffs/respondents.

GARY M. GAERTNER, Presiding Judge.

Appellant, Dale Hudson, appeals an order of the Circuit Court of Perry County quieting title in respondents, Richard and Jeanne Mattingly. We affirm.

The evidence at trial revealed that in May of 1987, the respondents sought to purchase a farm from Anna Clemens. The farm included more than 250 acres of property located in Perry County. Prior to making the actual purchase, the respondents and Ms. Clemens had the property surveyed by Baer Land Surveying. Baer informed the respondents and Ms. Clemens that forty acres of the farm was not titled to Ms. Clemens and that the title holder was "unknown." Ms. Clemens sold the remaining 214 acres to the Mattinglys, intending to transfer her entire interest in the property. The facts are clear that the Mattinglys and Ms. Clemens at all times treated the forty acres of untitled property as their own, held it in an open and hostile manner, and that this possession lasted for a period of well over twenty years.

On February 3, 1988, the appellant, having been told by an employee of Baer Land Surveying about the untitled property, obtained a quit claim deed from B.D. Wengler for the forty acres in exchange for one dollar. Ms. Wengler was identified at trial as being appellant's live-in girlfriend. Ms. Wengler never owned the forty acres in question, had no interest in it, and had never even been on the property prior to giving the appellant the quit claim deed.

Appellant then paid back taxes on the forty acres in an amount of less than fifty dollars and acquired a "right of way" from a neighbor by giving the neighbor his truck. Appellant entered the land only a few times after acquiring the quit claim deed "to check the corners," but never made any improvements.

On August 15, 1988, the respondents filed their petition against appellant and other parties asking the court to quiet title. Appellant filed a counter claim against the respondents asking the court to quiet title against the respondents. The court qui-

eted title in respondents favor and this appeal followed.

It is abundantly clear, and a modicum of research will reveal, that the only estate acquired through a quit claim deed is that possessed by the grantor and nothing more. *DiPasco v. Prosser*, 364 Mo. 1193, 274 S.W.2d 279, 283 (1954); *Reasor v. Marshall*, 359 Mo. 130, 221 S.W.2d 111 (1949); *Williams v. Reid*, 37 S.W.2d 537 (Mo.1931); *Ridgeway v. Holliday*, 59 Mo. 444 (Mo. 1875). Appellant acquired his quit claim deed to this property from his girlfriend B.D. Wengler. Ms. Wengler made no claim and could make no claim to this property. Ms. Wengler had never even set foot on the property prior to giving appellant the quit claim deed. Ms. Wengler could, thus, give appellant nothing more than what she had —nothing.

The case of *Ridgeway v. Holliday*, 59 Mo. 444 (Mo.1875) is illustrative of the absurdity of appellant's argument. In *Ridgeway*, a quit claim deed was acquired from the record title holder by Holliday. Ridgeway had held the property that was subject to the deed for over ten years as an adverse possessor. The court held, therefore, that Holliday took nothing from the record title holder and could not claim the property. *Ridgeway*, 59 Mo. at 455. The present case is far weaker than *Ridgeway*. In that case there was at least a transfer from the record title holder. In the present case, however, the appellant took the quit claim deed from no one even *remotely* related to the title. Like *Ridgeway*, however, the appellant now attempts to claim the property from one who has held the subject property in an adverse manner for, by virtue of tacking, a period greater than ten years. This court can find absolutely no merit to appellant's claim. Affirmed.

REINHARD and CRIST, JJ., concur.