**WEBSTER OIL COMPANY, INC.,**
Plaintiff–Appellant,

v.

**McLEAN HOTELS, INC., McLean Enterprises, Inc., Mid–America Motor Lodges, Inc., and Lee McLean, Jr., Defendants–Respondents.**

No. 19071.

Missouri Court of Appeals,
Southern District,
Division One.

June 29, 1994.

William W. Kirchoff, Springfield, for appellant.

Harold F. Glass, Schroff, Glass & Newberry, P.C., Springfield, for respondents.

PARRISH, Chief Judge.

Webster Oil Co., Inc. (Webster) appeals a summary judgment in an action for quiet title (Count I) and reformation of deed (Count II) entered in favor of McLean Hotels, Inc. (McLean Hotels), McLean Enterprises, Inc. (McLean Enterprises), Mid–America Motor Lodges, Inc. (Mid–America), and Lee McLean, Jr.—hereafter collectively referred to as defendants. This court affirms.

Prior to March 11, 1986, Webster owned certain property in Springfield (Greene County), Missouri. A service station was located on the property. Webster planned to remodel the premises and sought a building permit from the city of Springfield for that purpose. In order to obtain the building permit, Webster was required to convey part of its parcel of real estate, a tract 115 feet long (45 feet of which extends into Glenstone Avenue) by 50 feet wide, to an adjoining property owner, McLean Hotels. Webster conveyed the tract to McLean Hotels by quitclaim deed dated March 11, 1986, in which Webster reserved "a permanent easement over, upon, and across [the tract conveyed] for the purpose of ingress, egress."

In September 1986, Webster established Webster Mid–America Subdivision. The tract of real estate that was conveyed by Webster to McLean Hotels by means of the March 11, 1986, quitclaim deed was part of Lot 1 of that subdivision. The remainder of Lot 1, owned by Webster, was south of the real estate that had been conveyed to McLean Hotels. The dimensions of the part of Lot 1 that Webster owned were 150 feet by 149 feet. The easterly side of that part of Lot 1 adjoins Glenstone Avenue.

After the March 11, 1986, conveyance from Webster to McLean Hotels and after the establishment of Webster Mid–America Subdivision, defendants (other than Lee McLean) executed certain quitclaim deeds that described, as the land conveyed, the same land that was conveyed by the March 11,

1986, quitclaim deed from Webster to McLean Hotels. The following quitclaim deeds were executed by parties to this appeal and were filed for record in the office of the Recorder of Deeds of Greene County, Missouri. The 115 feet by 50–feet tract originally conveyed from Webster to McLean Hotels by quitclaim deed dated March 11, 1986, is designated "Tract A." The 150 feet by 149–feet tract that became part of Lot 1 of Webster Mid–America Subdivision is designated "Tract B."

| Date of Deed | Grantor | Grantee | Real Estate |
|---|---|---|---|
| Oct. 28, 1986 | Mid–America | Webster | Tract A and Tract B |
| June 10, 1988 | McLean Hotels | Mid–America | Tract A |
| Oct. 24, 1990 | Mid–America | McLean Enterprises | Tract A |
| Oct. 24, 1990 | McLean Hotels | McLean Enterprises | Tract A |

The only point Webster raises on appeal is directed to the granting of summary judgment as to Count I. Webster sought, in Count I, declaration that "all the right, title, and interest of ... Defendants in and to [Tract A]" had been "divested out of ... Defendants." Webster contends the trial court erroneously declared and misapplied the law in granting summary judgment for defendants; that "there are genuine issues of material fact."

Webster's point on appeal asserts that the October 28, 1986, quitclaim deed from Mid–America to Webster purported to convey an indefeasible estate in fee simple absolute; that by reason of § 442.430 [1] and "the theory of equitable estoppel," when Mid–America later acquired title to Tract A by means of the June 10, 1988, quitclaim deed from McLean Hotels, title to Tract A immediately passed to Webster as grantee in the October 28, 1986, quitclaim deed.

Section 442.430 states:

Where a grantor, by the terms of his deed, undertakes to convey to the grantee an indefeasible estate in fee simple absolute, and shall not, at the time of such conveyance, have the legal title to the estate sought to be conveyed, but shall afterward acquire it, the legal estate subsequently acquired by him shall immediately pass to the grantee; and such conveyance shall be as effective as though such legal

1. References to statutes are to RSMo 1986.

estate had been in the grantor at the time of the conveyance.

The question for resolve, with respect to the applicability of § 442.430, is whether Mid–America, by its October 28, 1986, quit-claim deed, undertook to convey to Webster "an indefeasible estate in fee simple absolute." The granting clause states:

WITNESSETH, THAT THE SAID PARTY OF THE FIRST PART [Mid–America Motor Lodges, Inc.] in consideration of the sum of ... Ten and no/100 ——————————————— DOLLARS, to it in hand paid by the party of the second part [Webster Oil Company], the receipt for which is hereby acknowledged, does, by these presents, REMISE, RELEASE and FOREVER QUIT–CLAIM unto the said party of the second part, the following described lots, tracts or parcels of land, lying, being and situate in the County of Greene and State of Missouri,

. . . .

The land described is, "All of Lot [sic] One (1) of the WEBSTER–MID–AMERICA SUBDIVISION according to the recorded plat thereof, all located in Springfield, Greene County, Missouri, subject to easements of record"—Tract A and Tract B.

■ A deed conveying real estate passes title to the land described in the instrument. A conveyance of real estate passes the entire ownership interest held by the conveying instrument's grantor unless the instrument shows, expressly or by necessary implication, the grantor's intent to pass a lesser interest. § 442.460; *see Michie v. National Bank of Caruthersville*, 558 S.W.2d 270, 279 (Mo.App.1977).

■ The intent to convey an indefeasible estate in fee simple is effected by use of a covenant in the deed, by the grantor, in which the grantor represents ownership at the time of the execution of the deed of an indefeasible estate in fee simple. This is done, according to Missouri statutes, by use of the words "grant, bargain and sell" in the granting clause of the deed by which title to

real estate is conveyed. Section 442.420 provides, as applicable to the issue for determination by this appeal:

The words "grant, bargain and sell", in all conveyances in which any estate of inheritance in fee simple is limited, shall, unless restrained by expressed terms contained in such conveyances, be construed to be the following expressed covenants on the part of the grantor, for himself and his heirs to the grantee, his heirs and assigns:

(1) That the grantor was, at the time of the execution of such conveyance, seized of an indefeasible estate, in fee simple, in the real estate thereby granted;

. . . .

■ In order for the statutory covenants prescribed by § 442.420 to be operative, all three words required thereby, viz., "grant, bargain and sell", must appear. *Michie v. National Bank of Caruthersville, supra,* at 278 n. 4. The absence of one of the three words prescribed by § 442.420 does not void the conveyance, but precludes the grantor from being bound by the statutory covenants.[2] *Id.* The October 28, 1986, quitclaim deed, by which Mid–America conveyed Tract A and Tract B to Webster contained no covenant importing that its grantor, Mid–America, owned an indefeasible estate, in fee simple, in the land conveyed.

■ Mid–America owned no interest in the real estate when it executed and delivered the quitclaim deed to Webster. Mid–America, therefore, conveyed nothing to Webster. "[T]he only estate acquired through a quit claim deed is that possessed by the grantor and nothing more." *Mattingly v. Hudson,* 785 S.W.2d 320, 321 (Mo.App. 1990). "[A] quitclaim deed does not import that the grantor has any interest at all." *Village of Climax Springs v. Camp,* 681 S.W.2d 529, 533 (Mo.App.1984). "[S]uch a deed is ineffectual in passing to the grantee any right or title subsequently acquired by

---

**2.** "A conveyance ... is ... good without a warranty or personal covenants. Covenants in a deed are not part of the conveyance, but are

separate contracts, and title passes independently of them." *Michie, supra,* at 279 n. 5, quoting from 26 C.J.S. *Deeds* § 22e, p. 628.

the grantor." *Reasor v. Marshall,* 359 Mo. 130, 140, 221 S.W.2d 111, 115 (1949).[3]

■ When Mid–America acquired ownership of Tract A, nothing inured to Webster. Section 442.430, upon which Webster relies, is inapplicable.

Webster attempts to distinguish the facts in this case from facts in other cases that have held, generally, that a quitclaim deed is ineffectual in passing after acquired title. Webster directs this court's attention to *Ott v. Pickard,* 361 Mo. 823, 237 S.W.2d 109 (1951); and *Smith v. Crites,* 781 S.W.2d 189 (Mo.App.1989), arguing that they support the analysis that Mid–America manifested the intent that its quitclaim deed to Webster pass after acquired title. The argument is based on language in the habendum[4] to the October 28, 1986, quitclaim deed. The habendum states that Webster, as grantee, is entitled:

> TO HAVE AND TO HOLD THE SAME, with all the rights, immunities, privileges and appurtenances, thereto belonging; unto the said party of the second part [Webster Oil Company] and assigns forever; so that neither the said party of the first part [Mid–America Motor Lodges, Inc.], nor any other person or persons, for it or in its name or behalf, shall or will hereafter claim or demand any right or title to the aforesaid premises or any part thereof, but they and each of them shall, by these presents, be excluded and forever barred.

■ The part of the habendum which Webster emphasizes is the representation by the grantor, Mid–America, that it "nor any other person or persons, for it or in its name or behalf, shall or will ... claim or demand any right or title to the ... premises." Webster argues that the court in *Smith* relied on similar language in the habendum to the deed there in question in holding that the deed disclosed on its face an intent to forever convey whatever interest that grantor would subsequently acquire.

Webster's reliance on *Smith* and *Ott* is misplaced. In those cases, the grantors in quitclaim deeds were seized with remainder interests in the real estate conveyed. The quitclaim deeds conveyed vested future interests. In this case, Mid–America had no interest in the real estate when the quitclaim deed to Webster was given. This court holds that the language in the habendum in the October 28, 1986, quitclaim deed from Mid–America to Webster did not manifest an intent by Mid–America to convey any interest in the land described therein that Mid–America might subsequently acquire.

Webster's point on appeal includes, as one basis for claimed trial court error, "the theory of equitable estoppel." In the argument portion of Webster's brief, Webster suggests that § 442.430 is based on the "principles of estoppel announced ... in the case of *Land Clearance for Redevelopment Authority v. Dunn,* 416 S.W.2d 948 (Mo.App.1967)." This court finds nothing in the *Land Clearance* case that supports Webster's claim of trial court error.

Further, this court's review of defendants' motion for summary judgment, supporting and opposing affidavits, and the summary judgment does not disclose that this basis for relief was presented to the trial court. Webster was the adverse party with respect to defendants' motion for summary judgment. It did not, "by affidavits or ... otherwise, ... set forth specific facts" showing equitable estoppel to be a "genuine issue for trial." Rule 74.04(e).

"In the course of its review, this court considers only the record made before the trial court." *Hubbs v. Hubbs,* 870 S.W.2d 901, 906 (Mo.App.1994). Albeit that appellate review of a summary judgment "is essentially *de novo,*" *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,*

---

3. *See* Annotation, *Quitclaim—Interests Covered,* 44 A.L.R. 1266, 1276–80 (1926).

4. "The habendum originally served the function of expressing the uses to which the conveyance was made, either to the grantee's own use to rebut a resulting use, or to designate uses in other persons. Today the habendum simply repeats the limitations in the granting clause, except in the case of an instrument creating a trust." Eckhardt and Peterson, *Possessory Estates, Future Interests and Conveyances in Missouri,* § 85 (1986) (footnote omitted).

854 S.W.2d 371, 376 (Mo. banc 1993), what was before the trial court does not support Webster's claim on appeal that it is entitled to relief on the theory of equitable estoppel. The judgment is affirmed.

SHRUM and MONTGOMERY, JJ., concur.