**Tyrica FOWLER, et al., Appellants,**

v.

**Reverend Maurice NUTT,**
**et al., Respondents.**

**No. ED 87285.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 26, 2006.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 26, 2006.

Application for Transfer Denied
Dec. 19, 2006.

Larry D. Coleman, Raytown, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Emily P. Kalmer, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, Judge.

### Introduction

This case involves a personal injury and wrongful death action brought by Tyrica Fowler (Fowler) against the St. Louis Board of Police Commissioners (Commissioners). Fowler appeals the Order and Judgment of the Circuit Court, the Honorable Michael David, which granted the Commissioners' Motion for Summary Judgment. We affirm.

### Facts

On 10 August 2001, a St. Louis police vehicle pursued a vehicle occupied by two fleeing felons. The fleeing vehicle collided with a vehicle driven by Fowler. One of Fowler's children was killed, and two more were injured. Fowler filed suit for personal injuries and wrongful death against the Commissioners, and alleged that the police officers did not use their lights or sirens when chasing the fleeing felons, as Section 304.022 RSMo (2000) requires. Fowler claimed that this statutory violation waived the Commissioners' sovereign immunity.

The Commissioners filed a Motion for Summary Judgment and accompanying memorandum of law and statement of facts, including a dispatch tape that recorded the sirens, and affidavits of two police officers who stated that they used their sirens. Fowler never filed a written response.

At the motion hearing, Fowler submitted the affidavit of witness Jeffrey Houston, who asserted that he did not hear police sirens as he drove by the chase. Because this affidavit was filed 36 days after the Motion for Summary Judgment was filed and was therefore untimely, and because it did not indicate that Houston was competent to testify, the Court did not consider it.

The Court gave Fowler seven days to respond to the concerns regarding the timeliness and sufficiency of her response to the Motion for Summary Judgment. In this response, Fowler merely asserted that she properly responded to the motion when she responded orally at the motion hearing. Judge David granted the Commissioners' Motion for Summary Judgment.

### Standard of Review

When considering an appeal from an order granting summary judgment, our review is de novo. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We review the record in the light most favorable to the party against whom judgment was entered. *Id.* Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-movant's response. *Id.*

### Discussion

■ Fowler argues that the Court erred when it granted the Commissioners' Motion for Summary Judgment, because Jeffrey Houston's affidavit created a genuine issue of material fact: whether the police used their sirens.

■ Rule 74.04(c)(2) states, in pertinent part:

Within 30 days after a motion for summary judgment is served, the adverse party shall serve a response on all parties. The response shall admit or deny each of movant's factual statements in numbered paragraphs that correspond to movant's numbered paragraphs.

A denial may not rest upon the mere allegations or denials of the party's pleading. Rather, the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial.

Attached to the response shall be a copy of all discovery, exhibits or affidavits on which the response relies.

A response that does not comply with this Rule 74.04(c)(2) with respect to any numbered paragraph in movant's statement is an admission of the truth of that numbered paragraph . . .

This rule clearly requires the non-movant to file a written response not more than 30 days after the motion is filed. Fowler failed to file a written response at any time—and, when the Court gave her an opportunity to explain her inadequate response and untimely affidavit, she gave no explanation other than that her oral response was satisfactory. In addition, the affidavit of Jeffrey Houston is not sufficient to create a genuine issue of material fact because 1) the affidavit was filed six days late, in violation of Rule 74.04(c)(2); and 2) the affidavit failed to indicate that Houston is competent to testify, as required by Rule 74.04(e).[1]

In sum, Fowler failed to file any response, by affidavit or exhibit, that complied with Missouri Rules. Fowler's failure to respond in compliance with Rule 74.04 constitutes an admission to the Commissioners' statement of facts. The Commissioners' statement of facts and exhibits state that the police used their sirens on 10 August 2001. As such, there was nothing in the record that could have allowed Judge David to find a genuine issue of material fact. The judgment is affirmed.

GLENN A. NORTON, P.J. and
LAWRENCE E. MOONEY, J., concur.

---

**1.** Rule 74.04(e) states, in pertinent part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence,

and shall show affirmatively that the affiant is competent to testify to the matters stated therein . . ."