**Debry LA NEAR, Appellant,**

v.

**CITIMORTGAGE, INC. and Principal Residential Mortgage, Inc., Respondents.**

**No. ED 96719.**

Missouri Court of Appeals, Eastern District, Division Two.

March 20, 2012.

Debry LaNear, St. Charles, MO, appellant pro se.

Jerome Raskas, Peter H. Love, Ketrina Bakewell, Laura J. Spencer, St. Louis, MO, for respondents.

KENNETH M. ROMINES, J.

This case involves a grant of summary judgment in a quiet title action and the bona fide purchaser doctrine.

### Background and Procedural History

The facts of this case, as determined by the Respondents' motion for summary judgment, are most easily understood as laid out in a timeline.

**30 June 2004:** Marlene Schmierbach and Wendy Russ (original owners) execute a General Warranty Deed conveying a certain parcel of property in St. Charles county (the property) to Kirby Warren.

Kirby Warren executes a Quitclaim Deed conveying the property from himself to himself and Debry A. La Near (Appellant).

Kirby Warren executes two promissory notes and two deeds of trust securing the notes in favor of St. Charles Mortgage Company (predecessor in interest to CitiMortgage) and Principal Mortgage. The notes and deeds are signed by Warren only.

**1 July 2004:** The Quitclaim Deed from Warren to himself and Appellant is recorded.

**9 July 2004:** These instruments are recorded in the following order:

General Warranty Deed

Deed of Trust in favor of St. Charles Mortgage Company

Deed of Trust in favor of Principal

Quitclaim Deed (rerecorded)

Kirby Warren died on 18 March 2009. No petition for probate of Mr. Warren's estate was ever filed.[1]

---

1. The period within which to file such a petition has expired. Section 473.020.2. This raises some question as to the Respondents' ability to collect on the promissory notes or

In September 2009, Appellant filed a petition in two counts. Count I was a claim for partition. Count II asked the court to quiet title in Appellant against Respondents. Respondents filed a motion for summary judgment on both counts. In reply, Appellant filed a Response to Respondents' Statement of Uncontroverted Facts accompanied by a supporting affidavit.

Thereafter, the trial court entered judgment striking Appellant's affidavit and portions of her response for failure to comply with Rule 74.04, and granting Respondents' motion for summary judgment. The court found that Respondents' interests were superior to Appellant's and therefore that Appellant's interest in the property is subject to Respondents' deeds of trust. The trial court also dismissed Appellant's claim for partition.

On appeal, Appellant claims the trial court erred in granting Respondents' motion for summary judgment because there remain genuine issues of material fact regarding each party's interest in the property. Appellant also challenges the trial court's dismissal of her partition claim.[2]

### Standard of Review

The standard of review of appeals from summary judgment is essentially de novo. [This] Court will review the record in the light most favorable to the party against whom judgment was entered. Summary judgment shall be entered if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

*St. Charles County v. Laclede Gas Co.*, 356 S.W.3d 137, 139 (Mo. banc 2011) (internal citations omitted).

### Discussion

There are three primary issues for the Court to address in this case. First, did the trial court err in striking portion of Appellant's Response to Statement of Uncontroverted Facts and the supporting affidavit? Second, disregarding the foregoing two documents, were Respondents entitled to judgment as a matter of law? Three, did the trial court err in dismissing Appellant's partition claim?

■ As to the first issue, in its summary judgment, the trial court found that portions of Appellant's response and affidavit did not conform to the requirements of Rule 74.04, and struck those pleadings accordingly.[3] Appellant's argument for reversible error proceeds on the assumption that had those materials not been struck, there would have been genuine issues of material fact in this case.

Turning first to the affidavit, Rule 74.04 requires that affidavits filed in support of or in opposition to a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Rule 74.04(e). Appellant's affidavit read, in its entirety:

1. My name is Debry La Near.
2. I have reviewed the Defendant's *Motion for Summary Judgment* and supporting documents.
3. I have reviewed the *Response to Defendant's Submitted Statement of*

---

foreclose on the deeds of trust securing those notes. Section 473.060.

**2.** Respondents' motion to strike Appellant's brief is denied.

**3.** The trial court struck eight paragraphs from the response and Appellant's entire affidavit.

*Uncontroverted Facts,* prepared by my counsel. I agree with the statements made in said pleading and adopt them as my own.

Appellant's affidavit is deficient in at least two respects: 1) it fails to set forth *any* facts (let alone specific ones), and 2) it does not demonstrate that Appellant is competent to testify. Such deficiencies result in a failure to challenge the other party's allegations of fact. *Fowler v. Nutt,* 207 S.W.3d 146, 148 (Mo.App. E.D.2006); *Kellog v. Kellog,* 989 S.W.2d 681, 687 (Mo. App. E.D.1999).

As to the response, Rule 74.04 also requires that denials made in a non-moving party's response must be supported by specific references to discovery, exhibits or affidavits. Rule 74.04(c)(2). The paragraphs struck by the court did not make any reference to anything in the record supporting those denials. As such, the trial court was correct in concluding that the facts asserted in the corresponding paragraphs of Respondent's motion for summary judgment were deemed admitted. Rule 74.04(c)(2); *Autry Morlan Chevrolet Cadillac, Inc. v. RJF Agencies, Inc.,* 332 S.W.3d 184, 191 (Mo.App. S.D. 2010).

Due to the overwhelming deficiencies of Appellant's response and "supporting" affidavit, Appellant failed to demonstrate that there were any genuine issues as to those facts set forth in Respondents' pleadings. However, that does not automatically lead to the conclusion that Respondents were entitled to summary judgment. *Id.* The uncontroverted facts as presented to the trial court must demonstrate that Respondents were entitled to judgment as a matter of law. *Id.*

■ Addressing the second issue, Respondents argue that they were entitled to summary judgment as to Count II, the quiet title count, because the uncontroverted facts conclusively demonstrate that they were bona fide purchasers.

■ In any action to quiet title, the court must adjudicate the respective interests of all parties to the action, regardless of whether the party affirmatively requests adjudication of title. *Pitts v. Pitts,* 388 S.W.2d 337, 339 (Mo.1965).

■ A bona fide purchaser takes an interest in property free of prior, unrecorded interests only if three requirements are met. *In re Idella M. Fee Revocable Trust,* 142 S.W.3d 837, 842 (Mo.App. S.D.2004). "A bona fide purchaser is one who pays a valuable consideration, has no notice of outstanding rights of others, and who acts in good faith." *Johnson v. Stull,* 303 S.W.2d 110, 118 (Mo.1957). The real question in this case is whether Respondents had notice of Appellant's claim of ownership prior to the time they obtained their interests.

As outlined above, the following sequence of events, taken from Respondents' motion for summary judgment, are relevant to the resolution of that question.

**30 June 2004:** Marlene Schmierbach and Wendy Russ (original owners) execute a General Warranty Deed conveying a certain parcel of property in St. Charles county (the property) to Kirby Warren.

Kirby Warren executes a Quitclaim Deed conveying the property from himself to himself and Debry A. La Near (Appellant).

Kirby Warren executes two promissory notes and two deeds of trust securing the notes in favor of St. Charles Mortgage Company (predecessor in interest to CitiMortgage) and Principal Mortgage. The notes and deeds are signed by Warren only.

**1 July 2004:** The Quitclaim Deed from Warren to himself and Appellant is recorded.

**9 July 2004:** These instruments are recorded in the following order:

General Warranty Deed

Deed of Trust in favor of St. Charles Mortgage Company

Deed of Trust in favor of Principal

Quitclaim Deed (rerecorded)

Based on this record, there remain unresolved genuine issues of material fact necessary to the resolution of this case, specifically when each instrument was delivered. Neither party addressed the issue of delivery in the trial court proceedings.

■ Generally, a deed takes effect and is effective to transfer title at the time of its delivery from grantor to grantee, not at the time of its execution or recordation—i.e. a party's interest in property arises at the time of delivery, not upon execution or recordation. *Hiler v. Cox,* 210 Mo. 696, 109 S.W. 679, 682 (Mo.1908); *Sando v. Phillips,* 319 S.W.2d 648, 652 (Mo.1959). Respondents' motion for summary judgment makes no reference to the dates of delivery of the different instruments. Such information is crucial to the disposition of this case. The date each party's interest arose—the date the party obtained delivery of the document which created their interest—is critical in determining if that party had notice of the other party's interest and should have been presented to the trial court below.

For instance, if all three parties (La Near, St. Charles Mortgage Co., and Principal Mortgage) took delivery of their respective instruments on 30 June, but Appellant did not record her deed until 1 July, then Respondents did not have notice of her adverse claim at the time their interest arose, and they may be entitled to bona fide purchaser status. If on the other hand, Respondents did not take delivery until 9 July, then they did have notice of Appellant's adverse claim recorded eight days before their interest arose, and cannot be found to be bona fide purchasers.

It is of no significance as to the issue of notice that the Warranty Deed was not recorded until after the Quitclaim Deed. If the Respondents' interest arose after 1 July, they are charged with notice of Appellant's claim as of that date, regardless of when the Warranty Deed was recorded. Section 59.440 requires the County Recorder of Deeds to maintain an abstract and index of deeds sorted by name of grantor *and* name of grantee.[4] In the quitclaim deed, Warren granted the property to both himself and to Appellant. A minimal search of the records after 1 July would have revealed a deed concerning this property listing Mr. Warren, the borrower on the notes, as both the grantor and the grantee. This was enough to put Respondents on notice of claims to this property adverse to their own. Section 442.240.[5]

Respondents argue that the recording of the Quitclaim Deed on 1 July did not give notice because the deed was "out of the

---

4. All statutory references are to RSMo (Cum. Supp.2004) unless otherwise noted.

5. Every such instrument which has been filed for record or recorded in the proper office, although such filing or recording may not have been in accordance with any law in force, shall hereafter impart the same notice as if the same had been filed or recorded in accordance with law; and all such deeds hereafter filed or recorded shall, from the time of filing or recording the same, impart the same notice as if the same had been acknowledged or proved and filed or recorded in accordance with the laws regulating the acknowledgment or proof of such instruments executed within this state.

Section 442.240.

chain of title," in that the Warranty Deed transferring title from the original owners to Mr. Warren had not yet been recorded. The cases cited by Respondents in support of their argument are inapposite. *Basore* concerns notice of covenants contained in conveyances of different tracks of land. *Basore v. Johnson,* 689 S.W.2d 103, 109 (Mo.App. S.D.1985). There is only one parcel of land at issue here. *Ford* involves after-acquired property. *Ford v. Unity Church Soc.,* 120 Mo. 498, 25 S.W. 394, 398 (1894). The record in this case does not affirmatively demonstrate that this is a case of after-acquired property.

■■■ As stated above, a party takes title to property upon the delivery of the deed, not upon execution or recordation. *Hiler v. Cox,* 210 Mo. 696, 109 S.W. 679, 682 (Mo.1908); *Sando v. Phillips,* 319 S.W.2d 648, 652 (Mo.1959). As such, Mr. Warren took title to this property upon delivery of the Warranty Deed. If the Warranty Deed was delivered prior to the delivery of the Quitclaim deed, this is not a case of after-acquired property. But again, as discussed above, the record before the trial court did not establish when delivery was had on the deeds and the deeds of trust.[6]

It should be noted that nothing in the admitted facts precludes any party from proving when each instrument was delivered, giving that party interest in the property.

The trial court erred in granting Respondents' motion for summary judgment as to Count II. The case is remanded to the trial court for a determination of when each party's interest in the property arose.[7]

■■■ The trial court did not, however, err in refusing to partition the property as prayed for in Count I of Appellant's petition. In paragraph 17 of Count I of her petition, Appellant "requests a partition of the real estate awarding 100% to her as Plaintiff's 2004 Interest, and 0% to her as

---

6. If this is an instance of after-acquired property, Appellant did not acquire any interest in the property through the Quitclaim Deed.

> Where a grantor, by the terms of his deed, undertakes to convey to the grantee an indefeasible estate in fee simple absolute, and shall not, at the time of such conveyance, have the legal title to the estate sought to be conveyed, but shall afterward acquire it, the legal estate subsequently acquired by him shall immediately pass to the grantee; and such conveyance shall be as effective as though such legal estate had been in the grantor at the time of the conveyance.

Section 442.430. The intent to convey an indefeasible estate in fee simple is established by the language of the deed. *Webster Oil Co., Inc. v. McLean Hotels, Inc.,* 878 S.W.2d 892, 894 (Mo.App. S.D.1994). Under Missouri law, this is done by using the words "grant, bargain, and sell" in the granting clause of the deed. *Id.* All three of words must be used to establish the grantor's intent to convey an indefeasible estate in fee simple. *Id.*

The Quitclaim Deed conveying the property from Warren to himself and Appellant did not use the words "grant, bargain, and sell," but instead the words "remise, release, and forever quitclaim." Such words are not sufficient to establish the grantor's intent to convey indefeasible estate in fee simple. *Id.* The only interest Warren conveyed through this Quitclaim Deed was the interest he possessed at the time he executed and delivered that deed. *Id.* If he executed and delivered the Quitclaim Deed before he received delivery of the Warranty Deed, he had no interest to convey and subsequently there was no interest for Appellant to acquire. *Id.*

7. If this is not a case of after-acquired title, and if it is found that Respondents were not bona fide purchasers, then upon Warren's death, Appellant became full owner of the property, and the Bank's deeds of trust are extinguished. *Home Trust Mercantile Bank v. Staggs,* 714 S.W.2d 792, 795 (Mo.App. E.D. 1986). Likewise, if Respondents were the loss payees on a mortgage insurance policy, and that policy has been paid, the notes may indeed be considered paid.

Plaintiff's 2009 interest." A party cannot maintain a partition suit against herself. *Throckmorton v. Pence,* 121 Mo. 50, 25 S.W. 843, 844 (1894).

The portion of the summary judgment relating to Appellant's claim for partition is affirmed.

KATHIANNE KNAUP CRANE, P.J. and LAWRENCE E. MOONEY, J., concur.