

# Missouri Court of Appeals

## Southern District

### Division Two

THE EMPIRE DISTRICT ELECTRIC COMPANY, )
)
)
Respondent, )
)
v. ) No. SD 35236
) Filed: December 5, 2019
COVERDELL ENTERPRISES, INC., )
)
Appellant, )
)
and )
)
CITY OF BRANSON, ET AL., )
)
Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Timothy W. Perigo, Special Judge

**<u>AFFIRMED</u>**

The trial court granted summary judgment in favor of HCW Development Company, LLC; HCW Private Development, LLC; and HCW North, LLC (collectively, HCW) and against Douglas Coverdell (Coverdell) and Coverdell Enterprises, Inc. (CEI) on Coverdell's claim for adverse possession of approximately 27 acres of property, which includes portions of the Branson Landing in Branson, Missouri. Following entry of summary judgment in

favor of HCW, a joint motion seeking to have the ruling on Coverdell's adverse possession claim reduced to a final judgment was filed by three other parties also involved in the underlying dispute with Coverdell and CEI:  the City of Branson (Branson), Empire District Electric Company (Empire), and Central Bank of Branson (Central).  The trial court granted the joint motion, thereby disposing of all claims and terminating the litigation.  Coverdell and CEI filed separate appeals.  This appeal concerns CEI only.  We affirm.

Concurrently with this opinion, we are affirming the judgment in Coverdell's appeal via separate opinion.  That is our third opinion in this case.  *See **Empire Dist. Elec. Co. v. Coverdell***, --- S.W.3d ----, SD35226 (Mo. App. filed December 5, 2019) (***Empire III***).[1]  In ***Empire III***, this Court determined, *inter alia*, that as a matter of law, Coverdell cannot prove adverse possession of the 27-acre tract at issue, which Coverdell described as Property A. ***Id***., slip op. at 16.

In CEI's appeal, CEI essentially posits trial court error in ruling against CEI because it owns Property B, which is a portion of Property A that Coverdell conveyed to CEI by quitclaim deed.  The trial court did not err by granting summary judgment against CEI.  It is well settled that a quitclaim deed conveys only that which is possessed by the grantor and

---

[1]  We note the mandate in our second opinion, ***Empire Dist. Elec. Co. v. Coverdell***, 484 S.W.3d 1 (Mo. App. 2015) ***(Empire II)***, was limited to further proceedings concerning the claim for adverse possession by Coverdell only.  ***Id***. at 34.  To the extent Coverdell might have prevailed, however, CEI continued to have an interest in the subsequent proceedings and on appeal.  Our mandate stated:

> [T]he matter is remanded for further proceedings limited to the resolution of Coverdell's claim for adverse possession of Properties A and B as described in [Coverdell and CEI's] reasserted claims.  If that claim is found to be meritorious, the trial court will then declare the extent to which Coverdell's adverse possession precludes the quieting of title in favor of Branson and Empire.

***Id***.

nothing more. ***Webster Oil Co., Inc. v. McLean Hotels, Inc.***, 878 S.W.2d 892, 894 (Mo. App. 1994). "Even a good faith purchaser for value under a quitclaim deed obtains only the rights, title, or interests his grantor possessed at the time he conveyed the deed." ***Pankins v. Jackson***, 891 S.W.2d 845, 847 (Mo. App. 1995); *see **McAboy v. Packer***, 187 S.W.2d 207, 209 (Mo. 1945); *see also **R & R Land Dev., L.L.C. v. Am. Freightways, Inc.***, 389 S.W.3d 234, 242 (Mo. App. 2012). Here, CEI's claim of ownership to Property B is entirely dependent on Coverdell's claim of ownership of Property A by adverse possession, and that claim has failed. ***Empire III***, --- S.W.3d ----, slip op. at 16. Because Coverdell had no ownership interest in Property B, Coverdell's quitclaim deed "conveyed nothing" to CEI. ***Webster***, 878 S.W.2d at 894. CEI, therefore, has no ownership interest in Property B.[2]

---

[2] The property description of Property B was included in both our previous opinions in ***Empire II*** and ***Empire Dist. Elec. Co. v. Coverdell***, 344 S.W.3d 842 (Mo. App. 2011) (***Empire I***). To be very clear, because Property B is at issue in this appeal, we repeat its description here:

> A parcel of land situated in the NE¼ of the SW¼ and the SE¼ of the NW¼ of Section 33, Township 23 North, Range 21 West, [Branson], as per general warranty deed and being described as follows:
>
> Commencing at the Northeast corner of Park Addition to [Branson], thence N 02º29'46" W along the established property line (as per survey of E.G. Nightingale, Book 13, Page 16) 27.80 feet to a set rebar being the point of beginning, thence continue N 02º29'46" W 749.81 feet to a reference point on the top bank of the mouth of Roark Creek, thence continuing N 02º29'46" W to the fluctuating waters edge of said Roark Creek, thence easterly and southerly along the fluctuating waters edge of Roark Creek and Lake Taneycomo to a point being S 89º41'34" E of the point of beginning, thence N 89º41'34" W … to a set rebar being a reference point on the bank of said Lake Taneycomo, thence N 89º41'34" W 242.06 feet to the point of beginning.

***Empire II***, 484 S.W.3d at 34 (Appendix); *see **Empire I***, 344 S.W.3d at 847 n.10 (reciting the same property description when tracing the history of Coverdell's deed).

Accordingly, the judgment against CEI and in favor of HCW, Branson, Empire, and Central is affirmed.


JEFFREY W. BATES, J. – OPINION AUTHOR

WILLIAM W. FRANCIS, JR., P.J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR